UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA ISABEL ARGUELLO,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. CV 18-4592 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Juanita Isabel Arguello ("Plaintiff") brings this action seeking to overturn the decision of the Acting Commissioner of Social Security (the "Commissioner" or "Agency") denying her application for Supplemental Security Income ("SSI"). The parties consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13). For the reasons stated below, the decision of the Commissioner

is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this decision.

## II.
## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents the claimant from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing work previously performed or any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an Administrative Law Judge ("ALJ") conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of the
                   specific impairments described in 20 C.F.R. Part 404,
                   Subpart P, Appendix 1?  If so, the claimant is found
                   disabled.  If not, proceed to step four.
             (4)   Is the claimant capable of performing his past work? If
                   so, the claimant is found not disabled.  If not, proceed
                   to step five.
             (5)   Is the claimant able to do any other work?  If not, the
                   claimant is found disabled.  If so, the claimant is found
                   not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

     The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets his or her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert ("VE") or by

3

reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## III.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Act. (AR 25-34). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 25, 2014, the application date. (AR 27). At step two, the ALJ found that Plaintiff's psoriatic arthritis, left knee effusion, obesity, fibromyalgia, and history of liver disease are severe impairments.[1] (AR 27). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 28-29).

---

[1] The ALJ found that Plaintiff's medically determinable impairment of depression does not cause more than a minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere. (AR 27-28).

4

The ALJ then assessed Plaintiff's RFC and concluded that she can perform sedentary work as defined in 20 C.F.R. § 416.967(a) except:[2]

> [Plaintiff can] frequently climb ramps/stairs; frequently balance, stoop, kneel, crouch, crawl; never climb ladders, ropes, scaffolds; frequent gross manipulation bilaterally; avoid concentrated exposure to extreme cold, humidity, hazards including dangerous machinery and heights.

(AR 29). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 32). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including election clerk, sorter, and order clerk. (AR 33). Accordingly, the ALJ found that Plaintiff was not under a disability as defined by the Act since August 25, 2014, the date the application was filed. (AR 33-34).

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

# IV.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

# V.

# DISCUSSION

Based on the VE's testimony, the ALJ found that Plaintiff could not perform her past relevant work as an agricultural produce sorter, housekeeper, or packager, but that there are other jobs that exist in significant numbers in the national economy that she can perform, including election clerk, sorter, and order clerk. (AR 32-33; see id. 70-71). Plaintiff contends that the ALJ failed to resolve an apparent conflict between the DOT and the VE's testimony regarding the election clerk position, and further erred in his consideration of Plaintiff's language skills. (Dkt. No. 17 at 5-7).

At step five of the sequential evaluation process, "the Commissioner has the burden to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations." Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (citation omitted). In making this finding, the ALJ determines "whether, given the claimant's RFC, age, education, and work experience, he actually can find some work in the national economy." Zavalin, 778 F.3d at 846 (citation omitted); see also 20 C.F.R. § 404.1520(g) ("we will consider [your RFC] together with your vocational factors (your age, education, and work experience) to determine if you can make an adjustment to other work"). The Commissioner may meet this burden by adopting the testimony of a VE or by reference to the Grids. Osenbrock, 240 F.3d at 1162. "In making this determination, the ALJ relies

7

on the [Dictionary of Occupational Titles (DOT)], which is the [Agency's] primary source of reliable job information regarding jobs that exist in the national economy." Zavalin, 778 F.3d at 845-46 (citation omitted); see 20 C.F.R. § 404.1566(d)(1) (noting that the Agency "will take administrative notice of reliable job information available from various governmental and other publications," including the DOT); SSR 00-4p, at *2 ("In making disability determinations, [the Agency relies] primarily on the DOT . . . for information about the requirements of work in the national economy.").

The VE's occupational testimony should be consistent with the DOT. SSR 00-4p, at *2. "When a VE . . . provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." Id. at *4. "For a difference between [the VE's] testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). When there is an apparent conflict between the VE's testimony and the DOT, "[n]either the DOT nor the VE . . . evidence automatically 'trumps.'" SSR 00-4p, at *2. In such a situation, the Commissioner has an affirmative duty to resolve the conflict -- for example, by eliciting a reasonable explanation from the VE -- before relying on the affected portion of the VE's testimony in support of a disability determination. Id.; see Zavalin, 778 F.3d at 846; Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). "The ALJ's failure to resolve an

8

apparent inconsistency may leave [the court] with a gap in the record that precludes [the court] from determining whether the ALJ's decision is supported by substantial evidence." Zavalin, 778 F.3d at 846.

Based on the VE's testimony, the ALJ found that Plaintiff can perform the position of "election clerk," DOT 205.367-030. (AR 33; see id. 71).[3] The DOT describes the position of "election clerk" as follows:

> Performs any combination of the following duties <u>during elections</u>: Compiles and verifies voter lists from official registration records. Requests identification of voters at polling place. Obtains signatures and records names of voters to prevent voting of unauthorized persons. Distributes ballots to voters and answers questions concerning voting procedure. Counts valid ballots and prepares official reports of election results.

DICOT 205.367-030, 1991 WL 671719 (emphasis added). The Commissioner is required to evaluate a claimant's ability to perform "work activity on a <u>regular and continuing</u> basis." 20 C.F.R. § 416.945(b) (emphasis added). "A 'regular and continuing

---

[3] The hearing transcript erroneously transcribed "election" clerk as "collection" clerk. (AR 71). Nevertheless, the transcript and the ALJ's decision clearly indicate DOT 205.367-030, which refers to "election clerk." (AR 33, 71).

9

basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, at *1. The DOT's description of "election clerk," which references work "during elections," appears to describe a position that is not "regular and continuing." An apparent conflict therefore existed between the VE's testimony, describing work that Plaintiff was capable of performing on a regular and continuing basis, and the DOT's description of an election clerk. See Gutierrez, 844 F.3d at 808 (ALJ must evaluate VE's testimony using common sense understanding of job). The ALJ had an affirmative duty to request a reasonable explanation from the VE for this apparent conflict before relying on the VE's testimony to support the ALJ's conclusion that Plaintiff is not disabled. See De Perez v. Comm'r of Soc. Sec., No. 17 CV 0404, 2018 WL 3473967, at *7 (E.D. Cal. July 18, 2018) (finding an apparent conflict between the DOT's description of an election clerk and the VE's testimony that the claimant can perform "regular and continuing" work); Hill v. Colvin, 807 F.3d 862, 872 (7th Cir. 2015) (Posner, J., concurring) ("Obviously [the election clerk position] is occasional rather than full-time employment, because elections are not held continuously."); Burney v. Berryhill, 276 F. Supp. 3d 496, 500-01 (E.D.N.C. 2017) (finding the ALJ's decision not supported by substantial evidence in part because "the job of election clerk is only available during elections"). The record does not indicate that such an inquiry was made.

Defendant contends "[t]he regulations do not . . . require that the ALJ prove that the work was substantial gainful activity." (Dkt. No. 18 at 3). Instead, Defendant argues that "the regulations

10

require only that the ALJ find that other work exists in significant numbers in the national economy that Plaintiff could do, given her residual functional capacity and vocational factors." (Id.) (citing 20 C.F.R. §§ 416.920(g) and 416.960(c)). However, the governing statute explicitly states an individual is disabled if he cannot "engage in any other kind of <u>substantial gainful work</u> which exists in the national economy." 42 U.S.C. § 1382c(a)(3) (emphasis added); see <u>Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.</u>, 467 U.S. 837, 843 (1984) (agency given deference only if regulations not inconsistent with statute). Further, the Agency's own regulations require the ALJ to evaluate whether a claimant is capable of performing work on a <u>regular and continuing</u> basis, as discussed above. Thus, an apparent conflict existed between the VE's testimony and the DOT, which the ALJ failed to resolve. Accordingly, the ALJ's step-five decision was not supported by substantial evidence and remand is required.

The ALJ's error was not harmless. See <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless). The other occupations identified by the VE that Plaintiff can perform, sorter and order clerk, each accounted for only 5,000 jobs in the national economy. (AR 33; see id. 71). The remaining 10,000 jobs found by the VE "may not amount to a significant number of jobs in the national economy." <u>Randazzo v. Berryhill</u>, 725 F. App'x 446, 448 (9th Cir. 2017) ("The ALJ's error in relying on the vocational expert's testimony regarding the occupation of small products assembler was not harmless because the remaining 10,000 electrical accessories

11

assembler jobs found by the expert may not amount to a significant number of jobs in the national economy."); see Beltran v. Astrue, 700 F.3d 386, 390 (9th Cir. 2012) (1,680 national jobs is not sufficient); Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014) (whether 25,000 national jobs is sufficient "presents a close call"); Lemauga v. Berryhill, 686 F. App'x 420, 422 (9th Cir. 2017) (noting that the Ninth Circuit "has never found [12,600 jobs in the national economy] to be significant"); Lisa L. v. Commissioner Of Social Security, No. 17 CV 1874, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018) ("the Court finds that 11,084 jobs does not meet the significant number standard"); Alvarenga v. Berryhill, No. 16 CV 9191, 2018 WL 400740, at *5 (C.D. Cal. Jan. 12, 2018) (8,900 jobs available nationally "may not amount to a significant number"); Tara M. v. Commissioner of Social Security, No. C18-5226, 2018 WL 6313220, at *4 (W.D. Wash. Nov. 1, 2018), report and recommendation adopted sub nom. Miller-Evans v. Comm'r of Soc. Sec., No. C18-5226, 2018 WL 6305597 (W.D. Wash. Dec. 3, 2018) (7,257 jobs in the national economy not significant); Burtenshaw v. Berryhill, No. 16 CV 2243, 2018 WL 550590, at *2 (C.D. Cal. Jan. 23, 2018) ("6500 national jobs may not amount to a significant number of jobs in the national economy"). Therefore, without the election clerk position, the Court cannot confidently conclude that no reasonable ALJ "could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006) ("a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination").

1    Plaintiff also contends that the ALJ failed to resolve an
2 apparent conflict in her ability to communicate in English and the
3 VE's testimony. (Dkt. No. 17 at 7-10). The ALJ found that
4 Plaintiff is able to read and write simple messages in English.
5 (AR 32). Plaintiff's RFC, however, did not include the ALJ's
6 language finding. (AR 29). Moreover, the three occupations
7 identified by the VE -- election clerk (DOT 205.367-030), sorter
8 (DOT 209.687-022), and order clerk (DOT 209.567-014) -- are all
9 classified as SVP 2 positions. (AR 33, 71). A job's specific
10 vocational preparation ("SVP") rating "speak[s] to the issue of
11 the level of vocational preparation necessary to perform the job."
12 Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005)
13 (citation omitted). Unlike an SVP 1 position, which requires only
14 that the employee be able to speak and write simple sentences, an
15 SVP 2 position requires the employee to read at a rate of 190 words
16 per minute, write compound and complex sentences properly, and
17 speak clearly and distinctly with correct pronunciation. DICOT,
18 App. C., 1991 WL 688702.

20    Defendant contends the record indicated that Plaintiff "was
21 entirely capable of communicating, reading, and writing in English
22 at least [at] the language level 2 level." (Dkt. No. 18 at 5-6).
23 However, the Court is "constrained to review the reasons the ALJ
24 asserts." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)
25 (citing Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196
26 (1947)). The court "review[s] only the reasons provided by the
27 ALJ in the disability determination and may not affirm the ALJ on
28 a ground upon which he did not rely." Garrison, 759 F.3d at 1010.

Here, the ALJ explicitly found that Plaintiff can "read or write simple messages in English" (AR 32), which appears to conflict with the jobs identified by the VE. Thus, an apparent conflict existed between Plaintiff's ability to communicate in English and the DOT, which the ALJ failed to resolve. Accordingly, the ALJ's step-five decision was not supported by substantial evidence and remand is required.

**VI.**

**CONCLUSION**

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 7, 2019

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**

14